[No. 430.    January Term, 1891.]

## JOHN F. LACEY, APPELLEE, v. JAMES C. WOODWARD ET AL., APPELLANTS.

MINES AND MINING—EJECTMENT—EVIDENCE—ERROR.—In an action of ejectment for the recovery of possession of a mine and for damages for its detention an error of the trial court in permitting the plaintiff to state his opinion as to the damages he sustained in consequence of the defendants taking possession of the mine, where the court finally ruled that the witness might testify as to what was embraced in the name of "rents and profits," but that the question as to the assessment of damages was to be determined by the statute, to which ruling there was no objection, nothing was left for the defendants to complain of, in their assignment of error on that ground.

ID.—TRIAL—ADMISSIBILITY OF TESTIMONY AFTER CLOSE OF CASE.—Whether the trial court can permit a witness for plaintiff to be recalled, after the close of defendants' case, to answer a question overlooked on the direct examination, is a matter resting in the sound discretion of the court, and can not be assigned as error.

ID.—LOCATION CLAIM—ANNUAL LABOR—FORFEITURE.—A mining claim is not forfeited by the failure of the locator for one year to perform the annual labor required by the act of congress of May 10, 1872, where he resumes the work in good faith before a valid location is made by others.

ID.—CONFLICT OF EVIDENCE.—Where there is a substantial conflict of
evidence the verdict of a jury will not be disturbed, unless errors of
law occur at the trial, as this court has held again and again.

·APPEAL, from a judgment in favor of plaintiff,
from the Third Judicial District Court, Sierra County.
Judgment affirmed.

The facts are stated in the opinion of the court.

ELLIOTT & PICKETT for appellants.

This case should be reversed, because the verdict
is against the evidence, and the preponderance of the
evidence is in favor of the defendants on every issue.
1 Graham & Waterman on New Trials, p. 367, sec.
2190, Comp. Laws, N. M.; Hopkins v. Orr, 124
U. S. 510.

If the original locator fails to do the annual assess-
ment work on a claim, but resumes work upon the claim
before anyone attempts to relocate the same, he must
continue his resumption of work until he performs the
full annual assessment, or the claim is open to reloca-
tion.    Du Prat v. James et al., 65 Cal. 555.

BELL & WRIGHT and BAIL & AUCHETA for
appellee.

It was perfectly competent for plaintiff to show the
value of his ores, that he was prevented by defendants
from prosecuting his claim on the mine and shipping
its product, and those acts had occasioned "loss of
time which had value to him." Wade v. Leroy et al.,
20 How. (U. S.) 34.

In an action for damages evidence showing the
business in which the plaintiff was engaged, its extent,
and consequent loss arising to him from his inability to
prosecute it, is relevant and pertinent as enabling the
jury to fix with some certainty, the direct and neces-
sary damage resulting.    Nebraska City v. Campbell, 2

Blackf. (U. S.) 590; Comp. Laws, N. M., secs. 2258, 2268.

As to the measure and rule of damages, see 2 Sedg. Meas. Dam. [7 Ed.], 499, et seq.; 2 Greenl. Ev., sec. 253.

The measure of damages is the value of the ore taken from the mine. Meay v. Yapper et al., 23 Cal. 306.

Damages are recoverable up to the rendition of the verdict. Comp. Laws, sec. 2265.

It is not true that the assessment work was not done in 1887 or 1888. But if it were not done by plaintiff, if he resumed work upon his claim in 1888, and before any adverse claim was made by defendants, under the law, he could hold the property. Belk v. Meagher, 104 U. S. 282; Pharis v. Muldoon, 75 Cal. 284; Belcher v. Deferrari et al., 62 Id. 160; 1 Fed. Rep. 522; Rev. Stat. U. S., sec. 2324.

LEE, J.—This is an action of ejectment, brought originally by plaintiff against the defendants in the district court of Grant county, to recover the possession of the "Star of the West" mine, and damages for the unlawful detention of the same. The venue was afterward changed to the district court of Sierra county, where, at the November term, 1889, a jury trial was had, which resulted in a verdict of guilty against defendants, and plaintiff's damages were assessed at $500. A motion for a new trial, made by the defendants, was overruled by the court, and judgment entered in accordance with the verdict, from which judgment the defendants took an appeal to this court.

The first error assigned, and perhaps the principal one in the case, arises upon the following question, MINES: ejectment: asked plaintiff by his counsel, he having evidence: error. been introduced as a witness in his own behalf: "State, Mr. Lacey, to the jury, what you

regard as the damages you have suffered in consequence of these defendants taking from you the possession of that mine on the fifth day of November, 1888." The question was objected to for the reason that it called for the opinion of the witness as to the damages he might have sustained. The question was clearly open to the objection made, as well as to others that might be suggested. But whether the ruling of the court in admitting it constitutes error in the case must be taken into consideration with other rulings of the court upon the same question. In answering it the witness said: "Five thousand dollars. I base it on the fact of having a contract of at least two car loads per day, with the understanding that it could be increased right along to three or four car loads. In a short time after, I commenced shipping iron, and putting it down to the lowest figure, at fifty cents a ton, for the royalty, you, gentlemen, can figure the thing for yourselves for eleven months, even at two car loads per day." The counsel for the defendants asked that this testimony be stricken out, as being entirely too remote. The court ruled upon this motion as follows: "I will have to instruct this jury upon the measure of damages. I will not pass finally upon this question now. I will reserve my opinion until a future stage of the case." This witness was recalled later in the case, and was asked practically the same question, as follows: "Mr. Lacey, state to the jury whether or not you have sustained any damages in consequence of the defendants taking possession of this mining property, and, if so, state the nature of the damages, in what manner you were damaged or injured, and the extent of the injury, commencing from the time of the commencement of this suit, up to the present month." This question was objected to for the reason that the rule, as fixed by statute, reads, "rents and profits of such premises," etc. At this time the court ruled as follows: "I think

our statute controls on the subject, and it seems to direct what can be recovered. The question of what is embraced in the name of 'rents and profits' is a matter upon which you may give testimony, but I think we have to be governed by the statute in regard to assessing damages." The question was finally asked by the counsel for plaintiff in the following form: "Mr. Lacey, state to the jury what would be the reasonable value of the rents and profits, . if any, of the 'Star of the West' mine now in controversy, from the time you commenced this action to the present time." To this question there was no objection, and, the ruling having finally been in favor of the appellants, and correct in point of law, it leaves the defendant nothing to complain of in this assignment of error.

The fourth error assigned is as follows: "John F. Lacey, the plaintiff, called in rebuttal after the defendants had introduced all their testimony, and closed their case in chief, was asked: 'Mr. Lacey, are you a citizen of the United States, and, if so, how long have you been a citizen?'"—to the admission of which defendants excepted. The record shows that the plaintiff, on motion and by leave of the court, asked the question as a question that had been overlooked on direct examination. The permission was a matter resting in the sound discretion of the court, and, as such can not be assigned as error. The rule is thus laid down by the supreme court of the United States in the Philadelphia & Trenton Railroad Co. v. James Stimpson, 14 Pet. 448: "The mode of conducting trials, the order of introducing evidence, and the times when it is to be introduced, are matters properly belonging to the practice of circuit courts, with which the supreme court ought not to interfere." The district courts possess this discretion as fully as other judicial tribunals.

*[margin note: ADMISSIBILITY of evidence at close of case.]*

Exception was taken to the ruling of the court in refusing an instruction asked by the defendants on LOCATION claim: the trial, which was as follows: "If you annual labor: forfeiture. find from the evidence that the plaintiff did not perform one hundred dollars' worth of work on the 'Star of the West' mining claim, located by him in the year 1883, in the year 1887, and that, if he resumed work on the said claim in 1888, and did not perform work thereon to the value of one hundred dollars before the defendants made their location in November of that year, you will find for the defendants, and return your verdict accordingly." If the law was correctly presented to the jury by the court in an instruction which was given on his motion, and which was also excepted to by the defendants, then the above instruction was erroneous and properly refused. The instruction given was as follows: "If you believe from the evidence that the plaintiff made a valid location of the 'Star of the West' mining claim on the first day of January, 1883, and that he had performed the necessary labor upon said claim, or that if the assessment work was not done for one year, but work upon said claim was resumed in good faith by the plaintiff prior to the making of a valid location of part or all of said claim by the defendants or other parties up to and including the fifth day of November, 1888; and if you further believe that the defendants, or some of them, unlawfully took possession of said mining claim, or a part thereof, and unlawfully withheld from the plaintiff all or a part of said mining claim,—you should find for the plaintiff." We think the law correctly stated in this instruction. It is fully sustained by the supreme court of the United States. In Belk v. Meagher, 104 U. S. 282, in an opinion rendered by Chief Justice WAITE, that court says: "For all purposes of this case the law stands as it would have stood had the original act of 1872 provided that the first annual ex-

penditure on claims then in existence might be made
at any time before January 1, 1875, and annually
thereafter until patent issued. If it was not made by
that time, the claim would be open for relocation, pro-
vided work was not resumed upon it by the original
locator, or those claiming under him, before a new
location was made. Such being the law, it seems to
us clear that, if work is resumed upon a claim after
it has once been open to relocation, but before a relo-
cation has been made, the rights of the original owners
stand as they would if there had been no failure to
comply with the conditions of the act. The argument
on the part of the plaintiff in error is that if no work
is done before January 1, 1875, all rights under the
original claim are gone but that is not, in our opinion,
the fair meaning of the language that congress has
employed to express its will, as we think the exclusive
possessory rights of the original locator and his assigns
were continued without any work at all until January
1, 1875, and afterward, if before another entered on
his possession and relocated the claim, he resumed
work to the extent required by law. His rights after
resumption were precisely what they would have been
if no default had occurred." In this case the evidence
tends to show that the plaintiff located this mine Jan-
uary 1, 1883. He performed his annual labor for the
years 1884 and 1885. In 1886 he did not perform the
labor required. In 1887 he resumed work on the mine,
and did the assessment work for that year, continuing
in possession, and working from November, 1887, to
and through February, 1888, performing his annual
work for that year. He was ousted by the defendants
in the fall of that year. This statement of the facts
clearly brings the plaintiff within the provision as laid
down by the supreme court of the United States, which
is in full accord with the instruction given by the
court.

It is argued by the appellants that this court ought to review the evidence, and find that a preponderance CONFLICT of evi- was other than as found by the jury. dence. This would be contrary to the whole policy of our government. The law-making power regards juries as better able to determine questions of fact correctly than judges, or it would do away with the system altogether, and submit all questions of fact, as well as of law, to the courts. Under the law as it exists this court has decided time and again that where there is a substantial conflict in evidence the verdict of a jury will not be disturbed, unless errors of law occurred upon the trial. Corkins v. Prichard, 3 N. M. 278.

The judgment of the lower court will be affirmed, and it is so ordered.

O'BRIEN, C. J., and McFIE, SEEDS, and FREEMAN, JJ., concur.