[Sac. No. 949.   Department Two.—December 20, 1902.]

## HOWARD M. HOUGH et al., Appellants, v. W. D. HUNT et al., Respondents.

MINING CLAIM—ANNUAL WORK—EXPENSE OF WATCHMAN—PRESERVA-
TION OF STRUCTURES.—The cases are rare in which money paid for a
watchman to preserve structures is allowable as money expended on
a mining claim for annual work. There may be cases where work
is temporarily suspended, and structures, which will be required
when work is resumed, are likely to be lost if not cared for, and
where such work is intended to be resumed in a reasonable time, in

which money expended to preserve the structures will be on the same basis as money expended to create them anew. But this cannot go on indefinitely; and as soon as it shall appear that it was done merely to comply with the law, without any intention to use the structures within a reasonable time, the expenditure cannot be deemed made upon the mine.

ID.—INSUFFICIENT WORK—WATCHMAN IN HOUSE—RELOCATION.—The mere employment of a watchman to live in a house situated upon a mining claim, where it is not shown that the watching of the mining claim was required, or that he was employed to watch the mining claim, cannot be considered as work done on the mine; and where the amount expended for annual work in prospecting and developing the mining claim was clearly insufficient, the claim was open to relocation.

ID.—QUESTION OF ABANDONMENT IMMATERIAL—EXCLUSION OF EVIDENCE.—In case of relocation of a mining claim for failure to do the required annual work, the question of abandonment by the original owners is wholly immaterial; and the exclusion of evidence tending to prove that they had not abandoned the mining claim cannot be ground for reversal.

APPEAL from a judgment of the Superior Court of Siskiyou County and from an order denying a new trial. J. S. Beard, Judge.

The facts are stated in the opinion of the court.

I. N. Thorne, James Farraher, James D. Fairchild, and Oliver P. Evans, for Appellants.

L. F. Coburn, for Respondents.

TEMPLE, J.—This is a contest for a mining claim located upon the public land of the United States.

The plaintiffs had been in possession of a quartz-mining location for several years. The ground had been previously worked as a placer claim by one Borland, who, after having made a lode location, sold and conveyed it to plaintiffs. They proceeded to work upon it, spending, as the court found, about one thousand dollars in the development of the mine. They sunk a shaft upon the supposed lode some twenty-five feet, put up a winze, etc., and built a shed over their shaft. In 1898, however, according to the findings, they performed only twenty-five dollars' worth of work towards working and developing the mine, and therefore early in January, 1899,

the defendants entered upon the mine and relocated it as vacant ground. The defendants do not claim that the mine had been abandoned, but solely that the plaintiffs had forfeited their rights by failure to do the requisite amount of work in 1898. There is therefore no question of abandonment in this case, although plaintiffs seem inclined to discuss that matter. Whether the plaintiffs did one hundred dollars' worth of work in working or in developing their mine in 1898 is the only question of importance in the case.

The court found that plaintiffs did not do to exceed twenty-five dollars' worth of work on the mine in 1898. The finding is abundantly supported by the evidence. The contention to the contrary depends entirely upon the fact that plaintiffs owned a house within the boundaries of the location and employed some one to live in it and paid such person forty-five dollars per month. It is claimed that such person at least took care of the property on the mine. It is not shown that he was employed to do anything of the kind; but if that had been shown the conclusion of the trial court is eminently sound, that such watching was not required and was not work on the mine. The cases must be rare in which it can justly be said that such money is expended in prospecting or working the mine. There may be cases where work has been temporarily suspended, and there are structures which are likely to be lost if not cared for, and it appears that the structures will be required when work is resumed, and that the parties do intend to resume work, in which money expended to preserve the structures will be on the same basis as money expended to create them anew. But this could not go on indefinitely. As soon as it should appear that this was done merely to comply with the law and to hold the property without any intent to make use of such structures within a reasonable period, such expenditure could not be said to have been made in work upon the mine. Much less could the mine-owner bring picks, shovels and things of that kind, upon the mine, and have some one to watch them to prevent their being stolen, and have such cost of watching considered as work upon the mine.

The act passed by our legislature in March, 1897, making further requirements in addition to those made by the act of congress in regard to locating mining claims was repealed in

March, 1899, before the new discovery and amended location made by defendants in September, 1899. They were then required to comply only with the act of congress upon the subject, which the findings plainly show they did. This was all prior to the time plaintiffs claim to have resumed work on the mine. That was in November, 1899.

The alleged errors in regard to rulings upon evidence were all immaterial. If the evidence had been allowed, it might tend to prove that plaintiffs had not abandoned the mine. That they had not was taken for granted, and the fact was utterly immaterial.

The judgment and order are affirmed.

Henshaw, J., and McFarland, J., concurred.

Hearing in Bank denied.