## WAILES v. DAVIES et al.

### (Circuit Court of Appeals, Ninth Circuit. October 5, 1908.)

### No. 1,572.

1. MINES AND MINERALS (§ 23*) — MINING CLAIMS OWNED BY CORPORATION— ASSESSMENT WORK BY STOCKHOLDER.

A stockholder in a mining company has such a beneficial interest in the corporate property that any mining work done by him on unpatented claims of the company must be counted as representative work, and, if sufficient in amount and done at the proper time, will prevent a forfeiture of the claims.

[Ed. Note.—For other cases, see Mines and Minerals, Dec. Dig. § 23.*]

2. FRAUDULENT CONVEYANCES (§ 32*)—SUFFERING LOSS OF PROPERTY—FRAUDULENT RELOCATION OF MINING CLAIMS.

On December 29th defendant obtained a judgment against a mining company, and on the next day an execution was issued and levied on unpatented mining claims of the company, under which they were sold and purchased by defendant. On January 1st following the levy complainant, at the instance of the principal stockholder of the company and with the connivance and assistance of others, relocated such claims, claiming that they had been forfeited by the failure of the company to do the required assessment work for the preceding year. In fact, a sufficient amount of work had been done on some of the claims by the stockholder procuring the relocation, and his purpose was to defeat the collection of defendant's judgment, of which purpose complainant had actual or constructive knowledge. *Held*, that the attempted relocation was in effect a fraudulent conveyance, void as against creditors under Comp. Laws Nev. § 2708, as well as at common law, and that a court of equity would not assist in the consummation of the fraud by quieting the title of complainant as against defendant.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 49; Dec. Dig. § 32.*]

Appeal from the Circuit Court of the United States for the District of Nevada.

Action in equity to quiet title to a group of mining claims situated in Antelope mining district, Eureka county, state of Nevada, and for an injunction against the defendants.

For opinion below, see 158 Fed. 667.

Henry K. Mitchell and Jesse J. Ricks, for appellant.

Alfred Chartz, for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. This is an appeal from a decree of the United States Circuit Court for the District of Nevada, dismissing a bill of complaint and dissolving a temporary injunction in a suit brought by appellant to quiet title to certain mining claims, eleven in number, alleged to have been located by him on January 1, 1905, within the Antelope mining district, Eureka county, Nev., on mineral land of the United States, vacant, unoccupied, and open to occupation, location, and purchase under the laws of Congress regulating and governing the sale and purchase of mineral lands. Copies of the notices of each of the several locations are set out in paragraphs 3 to 13 inclusive. These notices set forth that they are in compliance with the Revised

Statutes of the United States, describe each claim by courses, distances, and monuments, and contain declarations that until January 1, 1905, the claims belonged to the Whalen Consolidated Copper Mining Company, and that they were taken up by the locator on January 1, 1905, as abandoned claims.

The bill alleges the sinking of discovery shafts, the placing of posts and monuments by complainant, and the recording of location certificates as required by the laws of Nevada, the failure of the Whalen Consolidated Copper Mining Company to do or cause to be done the work required by law during the year 1904, and the consequent forfeiture of the claims. The bill further alleges the recovery of a judgment by defendant Davies in the state court on December 29, 1904, and the levy thereunder on the following day by defendant Sweeney, as sheriff of Eureka county, of an execution on all the right, title, and interest of said Whalen Consolidated Copper Mining Company in and to each and every piece and parcel of land in said bill described, followed by sale at public auction of each and every of said parcels of land to defendant Davies as the highest and best bidder, and the issuing and recording of a sheriff's certificate of such sale, the failure on the part of Davies to do or cause to be done any work on the claims, and the forfeiture of his right, title, and interest therein on the termination of the 31st day of December, 1904. The bill alleges his claim of title, and his securing an injunction through the state court hindering complainant from developing the mines; also the danger of a further cloud of a sheriff's deed at the end of six months. This bill was filed August 7, 1905, and an order was granted August 8th restraining the sheriff from issuing and Davies from receiving a sheriff's deed pending further order of the court.

By leave of court a supplemental bill was filed on December 15, 1905, referring to an injunction issued by the state court on October 19, 1905, upon a complaint filed by the appellant, restraining defendant Davies from entering or encroaching upon the Victoria mine, one of the eleven claims mentioned in appellant's original complaint, and alleging a wrongful encroachment upon two other mines of the disputed group. Upon the supplemental bill of complaint an order was issued on December 23d, restraining Daniel Davies, his servants, agents, or employés, from entering into or upon, or in any manner encroaching upon, any one of the eleven mining claims in controversy, naming them, and referring to the original bill of complaint for their description.

The answer of the defendant admits the mineral character of the land in dispute, also the allegations of the bill of complaint concerning the judgment in favor of defendant Davies, the execution sale, the claim of ownership by Davies, and the intention to execute and pass a sheriff's deed to the property at the end of the six months, but denies all the other material allegations of the complaint, including the forfeiture of the claims by the Whalen Consolidated Copper Mining Company, and especially denying seriatim each and every act of relocation particularly set out in paragraphs 3 to 13, inclusive, of the bill, except it is admitted that notice was posted on each claim on January 1, 1905; and as a further and separate answer defendants allege that at all times mentioned in the complaint, and for years prior thereto, one Charles

Lay was the general manager of the Whalen Consolidated Copper Mining Company, and directed and managed the affairs of said corporation with the consent of his co-owners of the shares of its capital stock, and with the consent of his said co-owners, and representing himself and said co-owners, during the year 1904 conspired with the complainant to make the locations of the several mining claims described in the bill of complaint on January 1, 1905, and that said attempted locations and relocations of said mining claims were made for the purpose of defrauding and cheating said Daniel Davies, defendant, out of the sums of money found due him as set forth in the bill of complaint.

Upon the issues thus tendered testimony was taken, and a final decree entered by the Circuit Court, dismissing the bill of complaint and dissolving the temporary injunction. Wailes v. Davies (C. C.) 158 Fed. 667.

It appears that the Whalen Consolidated Copper Mining Company was a corporation organized under the laws of the state of Illinois, with its principal office located in Chicago; that during the years 1901, 1902, and 1903 one Charles Lay, a stockholder in the corporation, had the necessary work done on the claims in controversy to prevent a forfeiture; that the expense incurred in doing this work during those years was met by Lay and some of the other stockholders. The court made no findings in the decree, but in the opinion filed in the case the court found that no labor had been performed or improvements made on six of the claims during the year 1904, that the amount of labor or improvements required by law had not been performed or made with respect to two of the claims during that year, and that with respect to these eight claims there was no evidence showing that work had been performed on other ground tending to develop or benefit these eight claims.

With respect to the three remaining claims the court found that Charles Lay, who was a stockholder in the Whalen Consolidated Copper Mining Company, owning 22,000 shares out of 100,000 shares of the capital stock of the corporation, performed the necessary amount of labor during the year 1904 to prevent the forfeiture of these three claims. Lay had testified that there was no work done by the Whalen Consolidated Copper Mining Company upon the claims in the year 1904, that the work he did was not assessment work for the company, and it was claimed in this behalf that Lay was merely a trespasser upon these claims in the year 1904. But the court concluded, from the facts stated in the opinion, that Lay as a stockholder had such a beneficial interest in the corporate property that the work performed by him on the claims was representative work, and inured to the benefit of the corporation, and prevented a forfeiture of the claims. The Court found, further, that the complainant, in relocating the claims on January 1, 1905, was only acting a part assigned to him in a scheme devised by Lay, and executed and carried out by Lay and two other stockholders of the corporation, and by another, who was the treasurer and trustee of an estate holding shares in the corporation. The purpose of this scheme was the transfer of these mining claims to complainant, who in turn was to transfer them to another corporation, in which Lay and his as-

sociates were stockholders, thereby delaying and defeating the judgment recovered by the defendant Davies against the Whalen Consolidated Copper Mining Company.

The court concluded, upon these and other facts stated in the opinion, that the purpose of complainant was fraudulent; that he did not come into equity with clean hands, and was not entitled to have a court of equity decree that a title acquired by such means was valid, thereby defeating the judgment recovered by the defendant Davies.

It is unnecessary to review the testimony in the case. A careful examination of it in detail convinces us that it fully supports the facts found in the opinion of the court and justifies the decree in favor of the defendant.

The decree is accordingly affirmed.