## LEWIS *v.* CARR

### No. 2722

June 5, 1926.          246 P. 695.

1. Mining—In Action to Quiet Title to Mining Claims, Burden of Proving that Party Forfeited Claims by Failing to Perform Annual Assessment Work Is On Party Asserting It.

In action to quiet title to mining claims, burden of proving that party had forfeited them by failing to perform the annual assessment work required by Stats. 1923, c. 109, is on the party asserting it.

2. Mining—Where Fourteen Mining Claims Constitute One Group for Purposes of Developing Property, Under Statute Requiring $100 Worth of Improvements on Claim Yearly, $1,400 Worth Annually Upon Group Is Required to Hold Possession.

Where fourteen mining claims constitute one group for purposes of developing the property, under Stats. 1923, c. 109, requiring $100 worth of work or improvements on each claim annually, $1,400 worth annually on the group is required to hold possession.

3. Mining—Geologic Map Making Is Not Work or Improvements, Within Meaning of Statute Requiring Work or Improvements Worth $100 Annually in Order to Hold Mining Claim.

Geologic map making is not work or improvements within the meaning of Stats. 1923, c. 109, requiring $100 worth of work or improvements annually in order to hold possession of mining claim, as object of requirement is to furnish evidence to parties seeking to initiate title.

4. Words and Phrases—"Areal Geology."

"Areal geology" is that branch of geology which pertains to the distribution, position, and form of the areas of the earth's surface, occupied by different sorts of rock or different geologic formations, and to the making of geologic maps.

5. Mining — Contention that Relocation of Mining Claims Inured to Benefit of Former Holders Because their Partner Helped Therein Will Not Be Sustained, where Claims Were Relocated Before Partner Knew About It.

Contention that relocation of mining claims inured to benefit of former holders because partner of such former holders assisted therein will not be sustained, where claims were relocated before partner knew about it.

See 40 C. J. sec. 16½, p. 740, n. 25 (new) ; sec. 266, p. 827, n. 12 ; sec. 267, p. 828, n. 27 ; sec. 268, p. 829, n. 45 ; p. 830, n. 50 (new) ; sec. 303, p. 845, n. 31, 34 ; sec. 313, p. 850, n. 19 (new).

Appeal from Fifth Judicial District Court, Nye County; *Frank T. Dunn,* Judge.

Action to quiet title to mining claims by E. W. Lewis and others against J. J. Carr and others. From judgment for defendants, quieting title, and an order denying a new trial, plaintiffs appeal. **Affirmed.**

*Joseph T. Murphy,* for Appellants:

Neither federal nor state statutes specify just what shall constitute assessment work. A wide latitude is allowed. That which tends to develop property or facilitate extraction of ore satisfies statutes; nothing else does. Hough v. Hunt, 138 Cal. 142; Snyder on Mines, sec. 498. It may consist of many things besides actual digging, and whether areal geology may be so considered is question of fact. 2 Lindley on Mines, 1562, says topographical situation of workings is subject to inquiry as to whether they tend to develop property. Preliminary scientific study of geological and topographical conditions saves time, labor, and money, and benefits more than haphazard plan of miners in sinking their shafts and driving their tunnels first, and hiring trained engineers to study such conditions afterwards. Smelter Co. v. Kemp, 104 U. S. 63 ; Love v. Mt. Oddie Co., 43 Nev. 68.

Abandonment is largely question of intent. Forfeitures are not favored in law unless clearly shown. Indiana etc. Co. v. Mining Co., 35 Nev. 158; Lindley, sec. 645; 9 Morr. 616.

Attempted relocation by cotenant of abandoned claim, when not abandoned in good faith, inures to benefit of all. Costigan on Mining Law, 331; Lindley, sec. 406; Yarwood v. Johnson, 22 Morr. 398.

*Harry C. Price* and *A. M. Hardy,* for Respondents:

Object of state and federal laws is that holder shall give visible and substantial evidence of good faith. Work must develop claim. Improvement is such artificial change in physical conditions of earth in, upon, or reasonably near claim as to show design to discover mineral or to facilitate its extraction; alteration must also be reasonably permanent. Golden Giant v. Hill, 198

P. 276; Snyder, sec. 498; 2 Lindley, 1544; Smelter Co. v. Kemp, 104 U. S. 636.

Plaintiffs' proofs of labor are defective because they failed to state character of work and description of claims. Rev. Laws, 243. Areal geology was not mentioned in proofs of labor and was clearly an afterthought. This strange term is not defined in any mining textbook; no decision is cited holding geological study constitutes assessment work, but there is evidence that though many mining companies employ geological experts the expense thereof is never claimed to be assessment work. Prospecting, sampling, assaying are not assessment work. Bishop v. Baisley, 41 P. 936.

Williamson had nothing to do with relocation, was not in the country when claims were located, had disposed of all but one-twelfth of his prior interest, and would have had right, anyway, to relocate them if they were open. Cotenancy did not exist.

## OPINION

By the Court, DUCKER, J.:

This is an action brought by appellants to quiet title to a group of mining claims, 14 in number, situated in the Tonopah mining district. Respondents claimed possession and right of possession to all except one of said claims by virtue of relocations. The relocations of the claims in question were made upon the belief that the required amount of assessment work for the year ending July 1, 1924, had not been performed upon the claims. It was stipulated by counsel at the trial that appellants' locations were valid, and also that the relocations were legally made if such assessment work had not been done. The trial court found that the necessary annual assessment work for the year ending July 1, 1924, had not been performed upon the claims, and rendered judgment quieting respondents' title thereto.

1, 2. The appeal is taken from the judgment and order denying the motion for a new trial. The principal

error assigned is that all of the findings of the court, to the effect that the necessary annual assessment work for the period mentioned had not been performed upon the claims, are against the evidence. This contention is not sustained by the record. While some work was shown to have been done, there was very substantial evidence to support the finding that it was not sufficient to comply with the law. In reaching this conclusion we have not lost sight of the rule which should have controlled the court—that the burden of proving that appellants had forfeited the claims was upon respondents. We will not undertake to review the evidence further than to discuss later certain evidence which the trial court held was not of a character to be counted as assessment work. As the mining claims involved, 14 in number, constituted one group for the purposes of developing the property, $1,400 worth of work done or improvements made was required by statute to hold possession of the claims.

Chapter 109 of Stats. 1923, p. 184, provides:

"The amount of work done or improvements made during each year to hold possession of a mining claim shall be that prescribed by the laws of the United States, to wit: One hundred dollars annually. In estimating the worth of labor required to be performed upon any mining claim, to hold the same under the laws of the United States, the value of a day's labor is hereby fixed at the prevailing wages of the district in which such claim is situated; provided, however, that in the sense of this statute eight hours of labor actually performed upon the mining claim shall constitute a day's labor."

3. The trial court held that the services claimed by Lewis in areal geology work could not apply as assessment work. It is insisted that the court erred in this, and it is claimed that, even assuming that the court was correct in holding that only $700 worth of labor had been done on the claims in actual excavation work, the services in areal geology work testified to by Lewis as

having been done by him on the claims constituted assessment work, and that together they were of sufficient value to more than meet the requirements of the statute. In regard to the latter class of work the appellant Lewis testified that he had studied geology at Harvard College, and had read various works on the geological formations of the district in which the mining claims were located. He testified that during the year ending July 1, 1924, he walked over the mining properties a number of times prospecting, collecting samples of ores, and studying the formations. He used an aneroid barometer to determine the altitude of the hills. He made a map of the claims showing also, as he claimed, the different formations. The map was introduced in evidence, and the witness testified concerning the different formations represented on it. He testified that he was engaged in this work 100 days, and that his services in this respect were worth $10 per day and were beneficial to the claims.

5. Two mining engineers, residents of Tonopah mining district and in the employ of local mining companies, testified in behalf of appellants. In their testimony they gave their definitions of areal geology. They stated that it was beneficial to mining claims, and was a part of the work done by mining companies on taking over claims. On this phase of the case the trial court has written a very clear and convincing opinion, which we adopt in part as the opinion of this court. It is as follows:

"Areal geology is that branch of geology which pertains to the distribution, position and form of the areas of the earth's surface occupied by different sorts of rock or different geologic formations, and to the making of geologic maps. (Le Forge) Bulletin 95—Department of the Interior, by Albert H. Fay. While Gunther, in his, 'The Examination of prospects,' p. 40, does not define areal geology, yet the term bears out the above definition, for the chief purpose of this branch of geology is to study the surface conditions, and, after obtaining sufficient data, to make a map, which is helpful in many ways.

"Two mining engineers testified for the plaintiffs regarding areal geology, and stated that it was the study of the surface conditions for the purpose of making a map, from which an imaginary idea might be obtained as to the conditions under the surface.

"Plaintiff Lewis testified that he made several trips over the ground in dispute, and also adjoining ground, and obtained data, and from this data he made the geologic map, Plaintiff's Exhibit G, and that these services were worth at least $10 per day, and that it took him about 100 days. Just what character of labor or improvements is required is not specified either in the federal or state statutes. The land department of the government has taken a definite stand upon this question, and is firmly committed to the doctrine that the labor or improvements contemplated by the federal statute are such as bear some direct relation to the development of the mine, and which tend to facilitate the extraction of ores therefrom. Golden Giant M. Co. v. Hill, 27 N. M. 124, 198 P. 276, 14 A. L. R. 1450.

"In Fredericks v. Klauser, 52 Or. 110, 116, 96 P. 679, 682, the court said: 'The word "improvement," as thus used, evidently means such an artificial change of the physical conditions of the earth in, upon, or so reasonably near a mining claim, as to evidence a design to discover mineral therein or to facilitate its extraction, and in all cases the alteration must reasonably be permanent in character.'

"In Snyder on Mines, sec. 498, the doctrine of the cases is summarized as follows: ' * * * The test in all cases which should be applied to annual labor is whether the work or improvements tend to develop the claim and facilitate the extraction of the mineral and valuable contents therefrom. Any labor or improvements meeting this requirement will satisfy the statute; nothing else will.'

"In Smelting Co. v. Kemp, 104 U. S. 636, 26 L. Ed. 875, the court held: 'Labor and improvements, within the meaning of the statute, are deemed to have been had

on a mining claim, whether it consists of one location or several, when the labor is performed or the improvements are made for its development, that is, to facilitate the extraction of the metals it may contain, though in fact such labor and improvements may be on ground which originally constituted only one of the locations, as in sinking a shaft, or be at a distance from the claim itself, as where the labor is performed for the turning of a stream, or the introduction of water, or where the improvement consists in the construction of a flume to carry off the debris or waste material.'

"And in Love v. Mt. Oddie U. M. Co., 43 Nev. 61, 181 P. 133, 184 P. 921, the Supreme Court of Nevada stated: 'Whatever other courts may think or say, the law as laid down by the court mentioned [Smelter v. Kemp, supra], upon this question is final, though, so far as we know, all of the courts of the land are in accord with the view thus expressed.  *   *   * '

"In the case of Bishop v. Baisley, 28 Or. 119, 41 P. 936, it was claimed that prospecting the ground and picking rock from the walls of a shaft or outcropping of a ledge, in small quantities from day to day, and testing it, and having assays made, for the purpose of trying to find a paying vein, would constitute and go for assessment work, but the court held that it could not be applied, and stated: 'Such work naturally leads one to question the good faith of the claimant, and to doubt his purpose to represent the claim except upon finding the "pay chute." This class of labor is not such as the statute contemplated, and will not avail the plaintiff.'

"The only result of Lewis' trips over the ground was a map. The map shows the plaintiffs' claims; part of them are claimed or shown to have a rhyolite formation, and the other part, andesite formation. And the elevation is also shown. There was nothing further offered to show how this areal geological work in any way benefited any claim or the group of claims, or would facilitate in any way the extraction of any minerals which the claims might contain. If this class of work could be

considered as assessment work, then the same thing could be done year after year, and there would be nothing either upon or near the claims which would show that they were being developed or improved in any manner.

"Mr. Justice Miller, in Chambers v. Harrington, 111 U. S. 353, 4 S. Ct. 430 (28 L. Ed. 452), after explaining the reasons for the adoption of the federal statute requiring the $100 worth of labor or improvements to be made upon a mining claim, says: ' * * * Clearly the purpose was the same as in the matter of similar regulations by the miners, namely, to require every person who asserted an exclusive right to his discovery or claim to expend something of labor or value on it as evidence of his good faith, and to show that he was not acting on the principle of the dog in the manger.'

"The court therefore finds that the so-called areal geological work did not, nor did it tend in any way, to facilitate the extraction or develop any minerals which the claims might contain, and that said work cannot be considered as assessment work."

For an intelligent discussion of the character of the labor or improvements which will satisfy the statute, see Lindley on Mines (3d ed.), sec. 629.

So far as we can ascertain, counsel for appellants seems to be a pioneer in advancing the thought that the application of the facts and principles of areal geology to the development of mining property was within the contemplation of Congress and the legislature in enacting these statutes. He has cited no authority to that effect, and we have not been able to find any by our own research.

One of the mining engineers mentioned, who had been continuously in the employ of mining companies in the Tonopah mining district for eight years prior to the trial, testified that he had never done work in areal geology for the purpose of having it apply as assessment work, and that he did not know of these companies having had such work done for that purpose.

Areal geology, performed upon a mining claim, might indeed be a valuable guide as to the most advantageous place to do the work or make the improvements, but in itself would furnish no evidence on or near the ground to parties seeking to initiate title to the same premises, of a bona fide intention to hold and develop the property. This we think is the object of the statutes. "The object of the law requiring annual work," says Mr. Lindley in the section above referred to, "is, that the holder of a mining claim shall give substantial evidence of good faith." Chambers v. Harrington, supra.

Areal geology, worked out on a mining claim in the most scientific manner, would produce no such evidence. We agree with the trial court that the work in areal geology claimed to have been done by Lewis as assessment work on the claims in question does not meet the requirements of the statute.

4. It is contended that one of the respondents, J. C. Williamson, had been interested in the said claims as a copartner with the appellants prior to the relocation of the claims, and that, as he cooperated with and helped respondents to relocate the claims, the work of relocation inured to the benefit of appellants. The same contention was made before the trial court, and, in respect to it, the court said, in its written decision, that there was no evidence to sustain the contention. "In fact," said the trial court, "there was but very slight evidence that he (Williamson) had any interest in the plaintiffs' claims. However, it was shown that the defendants had relocated the claims before Williamson knew anything about the relocation, and that afterwards he was employed to assist in doing some of the work on the ground and was paid for his services."

These statements are warranted by the evidence. Besides, the trial court found that the respondents, Carr, McDonald, and Price, relocated the claims, and the evidence sustains this finding. Consequently the contention was resolved against appellants in the court below.

The judgment is affirmed.