## WIGAND v. BYRNE'S UNKNOWN HEIRS et al.

Circuit Court of Appeals, Ninth Circuit.
February 13, 1928.

### No. 5043.

Mines and minerals ⬤⟿23(2)—Cost of official survey of of mining claim may be allowed as credit on assessment work (Laws Alaska 1915, c. 10).

Laws Alaska 1915, c. 10, providing that the cost of survey of a mining claim by a United States mineral surveyor may be credited to annual assessment work, not exceeding the required work for one year, while it cannot add to or take from the requirement of the United States statute, may be given effect as a reasonable construction of such statute by the miners of the district, and hence cost of official survey of mining claim may be allowed as credit on assessment work.

Appeal from the District Court of the United States for the Territory of Alaska; Cecil H. Clegg, Judge.

Suit in equity by Albert Wigand against the unknown heirs of Mike Byrne, deceased, and Robert Kelly, as his administrator. Decree dismissing bill, and complainant appeals. Affirmed.

From a decree dismissing the complaint in a suit to quiet title to a placer mining claim the plaintiff appeals. The stipulated facts are as follows:

Mike Byrne located the claim in question in 1905. He died December 5, 1920. For the annual labor of 1921 the administrator of his estate did work on the claim to the value of $40, and had a survey of the claim made by a deputy United States mineral surveyor at a cost of $60, which was the usual and ordinary charge for such work. For the annual labor between July 1, 1922, and July 1, 1923, the administrator caused $100 worth of work to be done on the claim, and between July 1, 1923, and April 1, 1924, he did another $100 worth of work upon the claim. On April 11, 1924, the claim not being in the actual possession of any one, the appellant relocated it, and at the commencement of the suit he was in the actual possession thereof. It was his contention that the survey made for the year 1921 did not constitute annual labor within the meaning of the law.

The Legislature of Alaska (Session Laws 1915, c. 10), enacted that the cost of such a survey might be credited as annual labor, but provided that the claimant must file in the recorder's office in the district the field notes of the survey and a voucher showing the cost thereof, properly attested by the surveyor, to be incorporated into the proof of annual labor. The court below held the section unconstitutional, but was of the opinion that, inasmuch as it was apparently the law during the period in which the administrator followed it in good faith, he was entitled to have his work and the cost of the survey considered as legal assessment work for the period ending July 1, 1922. The court also found that the work on the claim by the administrator for the two succeeding years was done to the actual knowledge of the appellant, or, if not to his actual knowledge, that he could by reasonable effort have informed himself of the fact, and held that a miner should not be deprived of his property solely because he took the law of the Legislature at its face value, and that a court of equity should not aid one to relocate the claim with knowledge of the existing law, and knowledge of what the owner had done, and after standing by silent and inactive until the owner had done annual assessments for two succeeding years thereafter.

Harry E. Pratt, of Fairbanks, Alaska, for appellant.

Louis K. Pratt, of Fairbanks, Alaska, for appellees.

John Rustgard, Atty. Gen., Territory of Alaska, amicus curiæ.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). In the adjudicated cases there is dearth of precise definition of the nature of the work on a placer mining claim that will be accepted as meeting the requirement that "not less than one hundred dollars worth of labor shall be performed or improvements made during each year." It is held that the statute should be given a liberal construction, McCulloch v. Murphy (C. C.) 125 F. 147, and we find no case that holds that $100 worth of work done on a placer mining claim in good faith, in the belief that it will result in the development or improvement of the claim, is to be held insufficient for the reason that it is ill-advised, or does not in fact result in perceptible improvement or development. On the contrary, it is held that the character of the work performed becomes material only when it is performed for the benefit of the claim but on land without its boundaries. In that event the labor must tend to the development or improvement of the mining claim for which it is designed. Wailes v. Davies (C. C.) 158 F. 667, 670, affirmed Wailes v. Davies (C. C. A.) 164 F. 397.

In Mt. Diablo M. & M. Co. v. Callison, 5 Sawy. 439, 456, Fed. Cas. No. 9886, it was said: "We therefore conclude 'that when a miner does the necessary labor, anywhere within his boundaries upon the surface or below it, the condition of the mining claim as to labor has been complied with. We cannot hold that he shall make no mistakes; that he is bound to ascertain at the risk of forfeiture, whether he is working on a lode having its apex outside his surface lines." In the Session Laws of Alaska above referred to it· is provided that a survey of the claim by a United States mineral surveyor may be credited to annual assessment work, provided that the credit shall not exceed the required assessment for one year on the claim. We may concede that the Legislature of the territory had no authority to add to or take from the requirements of the statute of the United States in regard to the annual assessment work. But its enactment may be referred to as evidence of the opinion of miners in that territory that a survey of a mining claim might be regarded as assessment work, in compliance with the law of the United States.

We are not convinced that that view is erroneous. A survey of a mining claim is an improvement which obviously may tend to aid in the development of the claim. In Richen v. Davis, 76 Or. 311, 148 P. 1130, it was held that work done in clearing the brush from a mining claim to facilitate the work thereon, might be deemed assessment work. In Hough v. Hunt, 138 Cal. 142, 70 P. 1059, 94 Am. St. Rep. 17, the court recognized the right to charge the wages of a watchman to annual assessment work, if the work were but temporarily suspended, and was intended to be resumed in a reasonable time, and if structures which would be required when the work was resumed were likely to be lost, if not cared for. That decision involves a construction of the law more liberal than that which is claimed by the appellee in the case at bar, for a survey of a mining claim is clearly in the nature of a permanent improvement, which tends to facilitate its development and to enhance its value.

On behalf of the territory its Attorney General asks for a decree that the mining claim be declared escheated to the territory, for the reason that the original locator left no heirs. But the territory is not a party to the suit, and is in no position to assert that the locator left no heirs, from the fact that, on publication of summons to unknown heirs, none appeared and default was taken, and those facts are unimportant to the pres-

ent litigation, as is also the contention that the heirs are necessary parties; for the court below made no adjudication of the title to the mining claim. All that was determined was that the appellant had no valid location and that his suit to quiet title should be dismissed.

The decree is affirmed.