340 P.2d 844

Wilma Kleinworth PINKERTON and K. F. Hertford, Appellees,

v.

Largus E. MOORE and Robert E. Moore, Appellants.

No. 6507.

Supreme Court of New Mexico.

June 19, 1959.

Rehearing Denied July 9, 1959.

Smith-Kiker Law Offices, Joseph L. Smith, Henry A. Kiker, Jr., Patricio S. Sanchez, John M. Lenko, Albuquerque, for appellants.

W. A. Keleher, John B. Tittmann, Albuquerque, for appellees.

CARMODY, Justice.

This is an appeal from the action of the trial court permanently enjoining the defendants from in any manner interfering with the possession of certain unpatented mining claims of the plaintiffs, the defendants seeking a reversal of the judgment on the basis that under the evidence presented the claims had been forfeited in point of law by the plaintiffs and therefore were subject to relocation by the defendants, and upon the further ground that the evidence showed that the claims had been abandoned by the plaintiffs as mining claims.

The trial court had in evidence before it proofs of labor filed on behalf of the plaintiffs for the years 1954, 1955 and 1956, and, under the provisions of § 63-2-11, N.M.S.A. 1953 Comp., these proofs constituted prima facie evidence of the

facts therein stated. On the basis of this evidence the court found that the plaintiffs had not abandoned the claims, had performed the assessment work for the years stated, and that therefore the attempted filing of a mining location by the defendants on July 1, 1957, was without effect.

■ The defendants submitted testimony of several witnesses that from their observation of the claims the same had not been worked for several years. Nevertheless, if the findings of the trial court are supported by substantial evidence the same will not be disturbed upon appeal. Flippo v. Martin, 1948, 52 N.M. 402, 200 P.2d 366.

■ The failure to do annual assessment work in some prior year does not of itself work a forfeiture, particularly if the original locator or someone claiming under him resumes work on the claims prior to any subsequent relocation, and the original right is reinstated by doing the annual assessment work in a later year or years. See Lacey v. Woodward, 1891, 5 N.M. 583, 25 P. 785; and Hebert v. Bond, 1929, 56 S.D. 220, 228 N.W. 185. Here, there is no question but, if the proofs of labor are sufficient, that there was proof of the doing of the annual assessment work for the years 1954, 1955 and 1956, well before the attempted relocation by the defendants.

Therefore, the precise question to be determined on this appeal is whether the proofs of labor, particularly for the year 1956, can be credited as part of the "work and improvements" required by Title 30 U.S.C.A. § 28.

The pertinent portions of the proof of labor filed by the plaintiff Hertford on April 29, 1957, are as follows:

"Repairing excess [sic] roads       $110
Drainage and water control          $50
Reconsiannce [sic] and counter
Reconsiannce [sic] surveys         $150"

Also, according to this proof, the above labor was done during the months of June, July, October and November, 1956, and it is of interest to note also that the proof did not mention the names of the claims but merely referred to "unpatented mining claim in the Placitas Mining District" recorded by the name of the plaintiff Pinkerton. It should be noted that the 1955 and 1956 proofs of labor were substantially the same as the above except for slight differences as to amounts.

■ It was necessary, in order to preserve the rights to the two claims, that the sum of $100 each, or $200, worth of assessment work be done on them each year, or at least for the year in question.

■ We are satisfied that the work of repairing access roads can be credited as a

part of the assessment work, even though the same was done outside of the claim. Doherty v. Morris, 1891, 17 Colo. 105, 28 P. 85; and Golden Giant Mining Co. v. Hill, infra. However, at the time of the proof of labor there was no provision by law under which reconnaissance surveys, be they geophysical or geological, could be credited to the annual assessment.

■ In order to satisfy the statute, the labor or improvement must be something which directly facilitates the development of the mine or the extraction of the ores therefrom. See Golden Giant Mining Co. v. Hill, 1921, 27 N.M. 124, 198 P. 276, 14 A.L.R. 1450 (see also Annotation, 14 A.L.R. 1463, immediately following the above case).

The above case is a "landmark" case in mining law, and is cited as authority and with approval by practically all of the courts that have had similar questions under consideration.

With respect to the precise point under consideration, we have found only one case, Wigand v. Byrne's Unknown Heirs, 9 Cir., 1928, 24 F.2d 179, which allowed credit for the cost of a survey on assessment work. However, even the above case was decided on the basis of an Alaska territorial statute which allowed such a credit. This, however, was an actual survey of the claim made by a deputy United States mineral surveyor.

Other than the above exception, all of the cases that we have examined refuse to allow the type of work here claimed to be credited. See Lewis v. Carr, 1926, 49 Nev. 366, 246 P. 695, wherein it was held that the making of an areal geological map was not work or improvements within the meaning of the statute; Kirkpatrick v. Curtiss, 1926, 138 Wash. 333, 244 P. 571, where the employment of an engineer to select possible routes for the transportation of ore was not considered labor within the meaning of the statute; and Bishop v. Baisley, 1895, 28 Or. 119, 41 P. 936, wherein it was held that taking samples from the walls of the shaft or outcroppings in small quantities and making tests could not be credited as annual labor. See also 3 Rocky Mountain Mineral Law Institute 459.

It is of interest to note that the United States Congress in 1958, probably in recognition of modern exploration methods, enacted certain legislation which recognizes and allows geological, geochemical and geophysical surveys to be included as labor. However, this is with rather stringent restrictions, none of which were complied with in this case even if the law had been in effect. Pub.L. 85–876, §§ 1 and 2, 72 Stat. 1701, 30 U.S.C.A. §§ 28–1 and 28–2.

■ It is therefore apparent that the findings of the trial court that the claims were not open to relocation and that a for-

feiture did not occur on July 1, 1957, were not based upon substantial evidence and were erroneous. Plaintiffs' proof of labor at the best is only for $160.00, not $200.00 as required by law.

█ It may very well be that the reconnaissance and counter-reconnaissance surveys were of benefit to the plaintiffs, but the record is entirely void of any showing that this work directly facilitated the development of a mine or of the extraction of ores therefrom. The rule is that where the assessment work is not done within the boundaries of a mining claim, the burden is on the claimant not only to show that the work done was intended as assessment work on the claim, *but also that it was of such a character that it would inure to the benefit of the claim.* Justice Mining Co. v. Barclay, C.C.Nev.1897, 82 F. 554, and Flynn v. Vevelstad, D.C.Alaska 1954, 119 F.Supp. 93, affirmed 9 Cir., 230 F.2d 695, certiorari denied 352 U.S. 827, 77 S.Ct. 40, 1 L.Ed.2d 49.

In view of our disposition of this point, it is unnecessary to resolve appellants' second claimed error.

The cause will be reversed with directions to the trial court to set aside its judgment and to enter judgment dismissing the case. It is so ordered.

LUJAN, C. J., and McGHEE, COMPTON and MOISE, JJ., concur.