[L. A. No. 609.   Department Two.—August 28, 1900.]

HOUSTON MANN, Appellant, v. ALPHA BUDLONG and GEORGE DECK, Respondents.

MINING CLAIMS—ANNUAL WORK—TUNNEL DEVELOPING OVERLAPPING CLAIMS—RELOCATION.—Where the owner of a quartz mining claim is also the owner of another ledge, the surface ground of which overlaps the other, and has driven a tunnel into the overlapping claim to develop both ledges in good faith, the work of tunneling

done upon the land common to both of the claims in excess of the annual work required by law is sufficient to prevent a forfeiture of the claim overlapped; and a relocation thereof by other claimants for failure to do the annual work, made while work was progressing in the tunnel, cannot be sustained.

ID.—RIGHTS OF MINING CLAIMANT—METHOD OF DEVELOPING MINE.— Where the requisite annual work is done toward the development of a mining claim within its surface lines, a court will not be permitted to substitute its own judgment as to the wisdom and expediency of the method employed in developing the mine in place of that of the owner of the claim.

ID·—FINDING AGAINST DEVELOPMENT—INSUFFICIENCY OF EVIDENCE— PROOF OF OVERLAPPING—ABSENCE OF CONFLICT—IGNORANT WITNESSES.—A finding that the work done in the tunnel upon the other claim did not tend to develop the claim in controversy is not sustained where the evidence shows without substantial conflict that the claims overlap, and that the work in the tunnel was actually done within the surface lines of both claims. The evidence of witnesses testifying to the contrary, who admitted upon cross-examination their ignorance of the boundaries of the claims is of no value, and is insufficient to raise a conflict.

APPEAL from a judgment of the Superior Court of Kern County and from an order denying a new trial. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

Laird & Packard, for Appellant.

Alvin Fay, E. J. Emmons, and Charles S. McKelvy, for Respondents.

HENSHAW, J.—This is an action brought by plaintiff to determine his possessory right to a certain quartz mining claim. The defendants pleaded an entry upon the land in question as vacant and unoccupied mineral land, and a compliance upon their part with the laws governing the location and working of such a claim. The land is part of a claim admittedly first located by plaintiff and called by him the Ontario mine. Defendants allege a failure by plaintiff for five years preceding the commencement of the action to do the necessary amount of work upon the claim. Their location, which they called the Rawhide mine, takes in about two hundred feet of the south-

western end of the Ontario mine.  The court's findings were against plaintiff, who appeals, insisting that there is no evidence to support them.

The validity of the location of the Ontario mine being conceded, the essential question for determination, so far as concerns plaintiff, is whether he had forfeited or abandoned his rights by a failure to comply with the law.  As to this, it appears without conflict that plaintiff, besides the Ontario, owned the continuous and overlapping claim known as the Jeanette; that he was driving tunnels on the Jeanette claim for the purpose of tapping both the Jeanette ledge and the Ontario ledge. All of the work which was being done upon the Jeanette tunnels was upon land covered by the overlapping Ontario claim. The court found that the work thus performed upon the Jeanette mine did not and could not tend to develop or benefit the claim known as the Ontario mine.  But if against this finding it be conceded or shown that the work was actually done upon the Ontario claim in good faith for the purpose of developing the Ontario mine, a strict compliance with the requisites of the statute is established, and a court will not be permitted to substitute its own judgment as to the wisdom and expediency of the method employed for developing the mine, in place of that of the owner.  (Stone v. Bumpus, 46 Cal. 221; Lindley on Mines, sec. 631.)  We have not in this case been afforded the assistance of a brief from respondent pointing out any evidence to support these findings.  Upon the other hand, appellant in challenging them makes it appear that by the evidence in the case the work done upon the Jeanette tunnels was upon the overlapping land of the Ontario.  Many witnesses positively testified that the Ontario claim did overlap the Jeanette where the work of tunneling was in progress, while against this evidence but three witnesses, and two of them the defendants, testified that the Jeanette and Ontario claims do not overlap. But on cross-examination each of them declared his ignorance as to the location of the boundaries of either of the claims; and since they admitted their ignorance of the boundaries, it is manifest that their evidence to the effect that the claims did not overlap is utterly valueless and insufficient to raise a conflict.  The facts are, then, that the Jeanette and Ontario

claims overlapped, and that upon the land common to both of these claims work of tunneling was done in value largely in excess of that required by the law. The necessary amount of work thus having been done upon the Ontario claim, with the manifestly honest intent of striking the lode and developing the mine upon a definite plan, even if that plan should result in failure, it cannot be judicially said that the work contemplated by the law was not done. This work was in actual progress in the year 1895 and in 1896 at the time of defendants' entry under the claim of abandonment.

As the uncontradicted facts disclosed that the findings to this effect are not supported, the judgment which the court based upon these findings must be reversed and the cause remanded.

Temple, J., and McFarland, J., concurred.

Hearing in Bank denied.