Argued October 14; reversed November 12; rehearing denied
December 23, 1947

## SCHLEGEL *v.* HOUGH

186 P. (2d) 516
188 P. (2d) 158

*Irving Rand,* of Portland (with Mrs. V. A. C. Ahlf, of Grants Pass, on brief), for appellant.

*A. C. Hough,* of Grants Pass, for respondents.

HAY, J.

The plaintiff instituted this suit for the purpose of quieting title to an unpatented placer mining claim known as The Last Chance, situated in the Galice unorganized mining district in Josephine County, ownership and possession of which claim in him is alleged in his complaint. The answer, denying plaintiff's ownership, alleged that plaintiff had forfeited the claim by failing to perform assessment work or annual labor thereon, as required by the laws of the United States; that he had failed to take advantage of an act of Congress excusing performance of such annual labor; that, on July 1, 1944, defendant entered upon said mining claim and duly located thereon a placer mining claim in her own name; and that she is now the owner thereof. Replying, plaintiff pleaded estoppel against the defendant, alleging that her attempted relocation of the claim was made in her behalf by one Wallace Robertson, her son-in-law; that Robertson and others were formerly the owners of the claim, and, on or about December 5, 1939, sold it to plaintiff and others for a valuable consideration; that defendant well knew that such claim had been so purchased by plaintiff and others, and, so knowing, wilfully connived with Wallace Robertson to relocate the claim, with intent to defraud plaintiff of his property. A hearing resulted in a

decree in favor of defendant, from which decree plaintiff appeals.

Plaintiff became part owner of the claim in 1939, and sole owner in 1941. He did considerable work thereon in 1940 and 1941, and performed the assessment work required by law for the year ending July 1, 1942. In 1942, he went to Portland to reside and, in August of that year, secured employment in the shipyards and was employed there continuously thereafter until the end of the year 1944. During that period, he never visited the claim or personally performed any labor thereon.

The federal law (R. S. § 2324) requires that, each year until patent issues, not less than $100 worth of labor shall be performed or improvements made upon each mining claim located after May 10, 1872. Failure to comply with such law renders the claim open to relocation as if no location thereof had ever been made, "provided that the original locators, their heirs, assigns, or legal representatives, have not resumed work upon the claim after failure and before such location."

■ The burden of proving forfeiture of a mining claim rests upon the person alleging it—in this case, upon the defendant. Snyder on Mines, vol. 1, section 544. Such proof should be clear and convincing. Costigan, Mining Law, section 93, and cases cited; *Oliver v. Burg,* 154 Or. 1, 17, 58 P. (2d) 245; *Steele v. Preble,* 158 Or. 641, 668, 77 P. (2d) 418; *Gear v. Ford,* 4 Cal. App. 556, 88 P. 600, 602.

■■ Defendant established the fact that no proof of performance of assessment work for the year ended July 1, 1944, was filed. Under the statute, this was *prima facie* evidence that the work was not done. Section 108-315, O. C. L. A. We think, however, that mere

*prima facie* evidence was not sufficient to comply with the rule requiring evidence of forfeiture to be clear and convincing. 20 Am. Jur., Evidence, sections 1251, 1252, 1253. Even if it were, it is in the present case counterbalanced by the fact that some work actually was done upon the claim, as hereinafter mentioned.

In the spring of the year 1944, Carl Anderson, an experienced miner residing in Josephine County, wrote plaintiff, requesting permission to work upon the claim, which permission plaintiff granted, upon the understanding that Anderson should retain whatever gold he might recover in such work. Under this arrangement, Anderson, in May, 1944, actually performed a certain amount of work upon the claim. Wallace Robertson, also an experienced miner, testified that he examined the claim subsequent to the time when, according to Anderson, the latter worked thereon, and "couldn't see any place where anybody did any work at all". We are satisfied, however, that Anderson worked as he said.

■ It is immaterial that assessment work on the claim for the year ending July 1, 1944, was not performed by plaintiff in person. If such work was performed at his instance by a person who was in privity with him, that is a sufficient compliance with legal requirements. *Steele v. Preble,* supra; *Wailes v. Davies,* (C.C.) 158 F. 667, 672; 40 C. J., Mines and Minerals, section 270.

Assuming that the miner Anderson was in privity with the plaintiff in this connection, a serious question is presented as to the sufficiency of the work that he performed. He was an experienced gold miner. He testified that, in May, 1944, at plaintiff's instance, he worked upon the claim. He had worked upon it pre-

viously, and was familiar with it. He dug in the old channels in an attempt to locate a stratum of gold-bearing gravel, of the existence of which he had previous knowledge. He worked six consecutive days, eight hours or more a day. He was not employed by plaintiff, nor did he have any contract with him other than permission to do the work and to retain whatever gold he might recover. He "dug the corner of the channel, cross-cutting along". He was "just prospecting to find the pay streaks". His only implements were a picking bar, a shovel, and a gold pan. He panned out various pockets. As a result of his operations, he recovered gold which he sold for a little over $15. He did not extend the old channels; all that he did was on the sides of the channels.

■ So far as the value of the work is concerned, it is said that the test is what it was worth, rather than what was paid for it. Morrison's Mining Rights, 16 ed., p. 121. The value "is to be measured, not in days, but in dollars." *Penn v. Oldhauber*, 24 Mont. 287, 61 P. 649.

In *Bishop v. Baisley*, 28 Or. 119, 136, 41 P. 937, it was held that the work of "picking rock from the walls of a shaft or from the side or outcroppings of a ledge, in small quantities, from day to day, making tests for the purpose of sampling it, breaking and examining it under a glass, crushing it in a mortar and panning it out, and carrying it away and making assays of it in attempting to find the 'pay chute', as it is termed," does not add to the value of the claim nor tend to the development of the mine, and that such work would naturally lead one to question the good faith of the claimant and to doubt his purpose to represent the claim except upon finding the "pay chute". This class of work, the case holds, is not such as the statute con-

templates and cannot be considered as satisfying the legal requirements of annual assessment labor.

■ It would appear that, for the most part, Anderson was merely prospecting for the purpose of finding pockets of gold-bearing gravel for his own benefit. He called his work "prospecting", but it is not clear that it was prospecting in the nature of development work. Anno., Mines, 14 A.L.R., p. 1465. The required annual labor must be such as tends to develop the claim or to facilitate the extraction of minerals therefrom. 36 Am. Jur., Mines and Minerals, section 119. The question to be considered is whether or not the work was done in good faith "for the purpose of working, prospecting or developing the mining ground embraced in the location, or for the purpose of facilitating the extraction or removal of the ore therefrom." *M'Culloch v. Murphy,* (C.C.) 125 F. 147, 149; *Bishop v. Baisley,* supra. It is doubtful that all of Anderson's work was performed for any such purpose. No doubt some of it was, ("cross-cutting along", for example), but in any event there was no evidence that such work had a value of $100. The fact that plaintiff paid Anderson nothing beyond permitting him to retain whatever gold he found is immaterial; the only question is whether or not the assessment work was worth $100. *Anderson v. Caughey,* 3 Cal. App. 22, 84 P. 223, 225. In *Wagner v. Dorris,* 43 Or. 392, 399, 73 P. 318, there was evidence that two men had each performed nine days' assessment work on a mining claim, and this court commented that such labor "could not by any reasonable wage scale bring the value of the work up to $100." Even if it were competent to take judicial notice of the reasonable value of such labor (as to which the general rule is otherwise: 20 Am. Jur., Evidence, section 121),

we think that the court could not have found that six days' labor of the kind indicated by the evidence here was worth $100. Anderson was no doubt qualified to testify as to the value of his work, but he was not asked to do so, nor was any other evidence thereof offered.

Plaintiff filed no proof of annual labor for the year in question, although the statute requires that he should do so within thirty days after performance of the labor. The affidavit of proof must include, among other matters, the number of days' work done; the character and value of the improvements; the location of the work and improvements; the date or dates of performing the labor and making the improvements; at whose instance or request the work was done or improvements made; and the actual amount paid for such labor and improvements and by whom paid.

■ Failure to file proof of performance did not have the effect of rendering the claim subject to relocation. The fact that the labor actually was done may be shown by other evidence. Morrison's Mining Rights, 16 ed., p. 131; *M'Culloch v. Murphy,* supra (125 F. 147, 150). However, we think that the requirements of the statute respecting proof tend to indicate the character of evidence which should have been offered herein.

■ We feel that defendant, upon whom was laid the burden of establishing, by clear and convincing evidence, the fact that the claim was subject to relocation, failed to sustain that burden. It was incumbent upon her to prove that Anderson's work was not worth $100 as assessment work. Work actually having been performed for assessment purposes, we think that, under the circumstances, the requirements of clear and convincing evidence of forfeiture were not met by the mere

testimony of an interested witness that he was unable to see that any work was done. Equity will not lend its aid to the extinguishment of a legal right upon such meager evidence. Forfeitures are odious to the law. Snyder on Mines, section 544; *Richen v. Davis,* 76 Or. 311, 148 P. 1130. In our opinion, the trial court erred in holding that plaintiff had forfeited his claim and that defendant had made a valid relocation thereof.

It is unnecessary that we should discuss the question of whether or not there was any fiduciary relationship between Robertson and plaintiff, or any conspiracy between Robertson and defendant.

The decree appealed from is reversed, with costs, and one will be entered quieting plaintiff's title to the mining claim.

On Petition for Rehearing.

*Irving Rand,* of Portland (with Mrs. V. A. C. Ahlf, of Grants Pass, on brief), for appellant.

*A. C. Hough,* of Grants Pass, for respondents.

REHEARING DENIED.

HAY, J.

The defendant, believing that the court's opinion herein is erroneous, has petitioned for a rehearing. She contends that the court erred in holding that she failed to prove, by clear and convincing evidence, that plaintiff had forfeited his rights in his mining claim by failing to perform the required amount of assessment work. She concedes, inferentially, that she had the burden of proving forfeiture, but says that, upon her proof of plaintiff's failure to file the statutory affi-

davit of assessment work for 1943-1944, "the burden of proof did shift" to plaintiff to show by other evidence that the work was done. The allegation of defendant's pleading was that, between July 1, 1941, at meridian, and July 1, 1944, at meridian, plaintiff had failed and neglected to do or perform "any work or labor constituting assessment work or annual labor" on the claim. Work was performed on the claim by Anderson in May, 1944. As to that work, only two questions were involved: (1) Did it, or any of it, constitute assessment work? (2) If it did, was the assessment work worth $100?

Further reflection has persuaded us that Anderson's work in endeavoring to locate a stratum of gold-bearing gravel, of the existence of which he had previous knowledge, may properly be classed as development work. The prima facie case in support of the allegation in defendant's pleading, to the effect that no assessment work whatever had been done during the period in question, was therefore counterbalanced by proof to the contrary, and defendant had the burden of proceeding further and proving, by clear and convincing evidence, that the work done was not worth $100. Such burden was not sustained, in our opinion, by the mere negative testimony of a very interested witness that he was unable to see that any work had been done.

Moreover, it is required in adverse proceedings that a relocator must allege and prove, by clear and convincing evidence, the facts upon which he relies to establish the claimed forfeiture. In this case, the defendant should have pleaded and proved that plaintiff had done none of the acts of representation which are required by the statute. Her pleading alleged

only that plaintiff, during the years mentioned, had not done "any work or labor constituting assessment work or annual labor, as described in and required by the laws of the United States for mining claims". The statute reads: "On each claim * * * not less than one hundred dollars' worth of labor shall be performed or improvements made during each year." Rev. St. U. S. § 2324. The mere allegation that no work or labor constituting assessment work had been done is not sufficient to establish a forfeiture, no matter how convincing the proof might have been. The pleading must also negative the performance of the alternative of one hundred dollars' worth of improvements, and the proof should have shown the lack thereof. *Power v. Sla,* 24 Mont. 243, 61 P. 468. Lest it be thought that we view such technical insufficiency in pleading and proof with too critical an eye, let it be remembered that the law abhors forfeitures, and that courts will construe all doubtful cases against forfeiture. Snyder on Mines, vol. 1, sec. 544.

There was no suggestion of abandonment of the claim. The defendant relies upon technical forfeiture. Her pleadings and proof must satisfy all technical requirements. We think that they do not. The petition for rehearing is denied.