[Civ. No. 441. Fifth Dist. May 27, 1965.]

NELLIE E. DALY, Individually and as Executrix, etc., Plaintiff and Respondent, v. MARY WALLACE, Defendant and Appellant.

Bradley, Wagy, Bunker, Hislop & Gibbons and Earle J. Gibbons for Defendant and Appellant.

Di Giorgio, Davis & Nairn and Thomas R. Davis for Plaintiff and Respondent.

STONE, J.—Appellant appeals from an adverse judgment in cross actions to quiet title to mining claims.

This is the third lawsuit involving purported relocations of six gypsite placer mining claims, five contiguous and one separate, all located in the Red Rock Mining District near Cantil, Kern County. The first prior action turned, in part,

on whether respondent's predecessors performed the required annual assessment work for 1956-1957.* The second action involved the same question as to the year 1958-1959. In each case the court found that respondent and her predecessors had performed the required work or improvement on the claims.

This action involves the in-between year, appellant resting her assertion of title upon a relocation of the six claims in 1958 following an alleged failure of respondent and her predecessors to perform annual assessment work for 1957-1958. At the outset, respondent asserts that her quiet title judgment involving the 1958-1959 annual assessment work is res judicata, and that appellant cannot go behind this judgment and attack the title upon the ground that work was not done for a prior assessment year.

We need not explore the question of res judicata, however, as we conclude, for reasons appearing below, the trial court's finding that respondent and her predecessors performed the annual assessment work for the year 1957-1958 must be sustained, and that appellant's attempted relocation of the claims in 1958 is void.

Respondent was required to prove that her predecessors performed labor or made improvements equal in value to $100 for each claim during the 1957-1958 annual assessment year. (30 U.S.C.A. § 28.) ██ Under the doctrine of group development, annual assessment work performed on any one or more contiguous claims inures to the benefit of all claims in the group. (*Pepperdine* v. *Keys,* 198 Cal.App.2d 25, 31 [17 Cal. Rptr. 709] ; *Crane* v. *French,* 39 Cal.App.2d 642, 656 [104 P.2d 53].) Since five claims were contiguous, respondent was required to perform labor or make improvements on the group of a total value of $500, and on the single claim of a value of $100.

██ Appellant leans heavily upon the testimony of three engineers who examined the property in November 1963, some five years and four months after the 1957-1958 assessment year ended. She points to contradictions between the testimony of her experts and that of respondent's witnesses as to the number of hours required to complete the work, the value of the work, whether part of it benefited the property from a mining standpoint, and whether certain roadwork was done at all. Appellant also cites testimony and computations by

---

*Annual assessment work of $100 value per claim is required for each assessment year, which runs from July 1 to June 30. (30 U.S.C.A., § 28.)

her engineers discounting estimates of respondent's witnesses as to the extent of overburden scraped from the claims and the work value of such scraping, the amount of gypsum removed and its value, the time and cost of digging core holes, and the rental or use value of equipment employed on respondent's behalf.

That this action involves a controversy over mining claims makes no less applicable the settled rule that an appellate court will view the evidence in the light most favorable to the respondent, will not weigh the evidence, will indulge all intendments and reasonable inferences which favor sustaining the finding of the trier of fact, and will not disturb the finding of the trier of fact if there is substantial evidence in the record in support thereof. Furthermore, the burden rests on a subsequent locator asserting a forfeiture to prove that a prior claim locator failed to do required annual assessment work. (*Pascoe* v. *Richards,* 201 Cal.App.2d 680, 687 [20 Cal.Rptr. 416].) All reasonable doubt will be resolved in favor of the validity of a mining claim (*Pepperdine* v. *Keys, supra*) and against a forfeiture (*Smith* v. *Daly,* 181 Cal.App.2d 154, 162 [5 Cal.Rptr. 176]; 33 Cal.Jur.2d § 85, p. 138).

Appellant analyzes the testimony of respondent's witnesses, eliminating bit by bit the parts she deems discredited, until respondent's entire case is alleged to rest largely upon the testimony of one witness. Appellant then points to inconsistencies in the testimony of this witness which she says makes his testimony so unreliable that this court must reverse the judgment. Not all of this witness's testimony was contradicted, however, and, additionally, testimony by other witnesses supports, in part at least, the findings of the trial court.

Our review of the testimony of witnesses under these circumstances is delineated by the Supreme Court, in *People* v. *Huston,* 21 Cal.2d 690, 693 [134 P.2d 758], as follows:

"To warrant the rejection of the statements given by a witness who has been believed by a trial court, there must exist either a physical impossibility that they are true, or their falsity must be apparent without resorting to inferences or deductions. [Citations.] *Conflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge* or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends." (Italics added.)

These rules apply to the testimony of expert witnesses as well as that of lay witnesses. (*Ideal Packing Co.* v. *Brice,* 132 Cal.App.2d 582, 585 [282 P.2d 957].) ▮ Thus we may not, as appellant suggests, accept the testimony of her expert witnesses as accurate in all respects, even though these men were well qualified to testify concerning placer mining work. In weighing their testimony, the trial court no doubt took into account that they examined the windswept desert mining area over five years after the work was done. It is likewise apparent the trial court gave great weight to testimony of respondent's witnesses who were present when the work was done or shortly thereafter, and to the testimony of respondent's one expert witness even though much of his testimony was in explanation of, or based upon, the testimony of respondent's other witnesses. ▮ As was said in *People* v. *Thomas,* 103 Cal.App.2d 669, at page 672 [229 P.2d 836]: "The trier of fact may believe and accept a portion of the testimony of a witness and disbelieve the remainder. On appeal that portion which supports the judgment must be accepted, not that portion which would defeat, or tend to defeat, the judgment."

▮ Appellant concedes that a court will not be permitted to substitute its own judgment in place of that of the owner as to the wisdom and expediency of the method employed for developing a mining claim (*Mann* v. *Budlong,* 129 Cal. 577, 579 [62 P. 120]), but she questions the good faith of respondent and those who performed work for her.

▮ The question is not open on this appeal, since a locator's good faith in performing assessment work on a mining claim is a question of fact for the trial court. In *B & B Sulphur Co.* v. *Kelley,* 61 Cal.App.2d 3, at pages 8-9 [141 P.2d 908], the court said: "Whether the work was done in good faith for the purpose of working the claim in controversy and had a tendency to benefit or develop such claim, is a question of fact upon which the decision of the court will not be disturbed if there is any evidence to support it."

Appellant raises the question whether an assignment by respondent of a 51 per cent interest in the mining claims to a Mr. and Mrs. Barnes, a fact brought out during the trial but not mentioned in the findings or judgment, requires a reversal. Since we have sustained the finding of the trial court that respondent's predecessors performed the required assessment work for 1957-1958, appellant's attempted relocation of the claims in 1958 is a nullity. Therefore the judgment

694

quieting respondent's title as against appellant is proper. Whether the Barnes also have an interest in the claims is irrelevant as between appellant and respondent.

The judgment is affirmed.

Conley, P. J., and Brown (R. M.), J., concurred.

A petition for a rehearing was denied June 23, 1965, and appellant's petition for a hearing by the Supreme Court was denied July 21, 1965.