409 P.2d 588

**C. M. McDERMOTT, Appellant,**

v.

**Peter F. O'BRIEN, Appellee.***

**I CA–CIV 21.**

Court of Appeals of Arizona.

Jan. 12, 1966.

Alan Philip Bayham and Dean Scott, Phoenix, for appellant.

Charles E. McDaniel, Prescott, for appellee.

LAURANCE T. WREN, Superior Court Judge.

This is an appeal from a decree and judgment in favor of the appellee, Peter F. O'Brien, quieting title to two unpatented mining claims.

The facts pertinent to this review are as follows: On May 1, 1958, the appellant C. M. McDermott, leased the Monte Cristo Mine comprising sixty-two unpatented mining claims, to one Kelsey. July 1, 1958, O'Brien filed location notices for claims designated Terry No. 1 and Terry No. 2, which claims were a part of the territory encompassed by the mine and filed his affidavit of labor performed and improvements made within 90 days thereafter.

This suit was filed by O'Brien May 31, 1960, against McDermott and Kelsey to quiet title in the two claims. Along with various answers filed by the respective parties defendant, Kelsey filed a counterclaim and an alternate counterclaim against O'Brien. McDermott filed a counterclaim against O'Brien, a third-party complaint against one Underdown and a cross-claim against Kelsey for breach of the terms of the lease.

The case was tried without a jury. It was stipulated that McDermott had valid title to the unpatented mining claims subject to the question whether he had performed the required annual assessment work for the year 1957–58, and, if not done on behalf of McDermott and/or Kelsey for the year ending July 1, 1958, then the claims would have been open to relocation as of July 1, 1958.

At the conclusion of the evidence the court rendered its decree and judgment in

to this Court pursuant to Section 12–120.23 A.R.S.

**430**

favor of O'Brien quieting title in Terry No. 1 and Terry No. 2, and entered judgment for $5,000 on McDermott's cross-claim against Kelsey. All counterclaims, alternate counterclaims and third-party claims were dismissed.

It is not disputed that if McDermott or his lessee failed to perform the annual assessment work the area in dispute would be open for relocation. Title 30, Section 28 United States Code Annotated provides:

"On each claim located after the 10th day of May 1872, and until a patent has been issued therefor, not less than $100 worth of labor shall be performed or improvements made during each year. * * * *and upon a failure to comply with these conditions, the claim or mine upon which such failure occurred shall be open to relocation in the same manner as if no location of the same had ever been made*, provided that the original locators, their heirs, assigns, or legal representatives, have not resumed work upon the claim after failure and before · such location." (Emphasis supplied)

Nor is it disputed that appellee complied with the statutory requirements governing relocation. The sole question presented is whether the judgment is supported by adequate evidence of forfeiture. McDermott did not contend that he personally performed the annual assessment work or that he caused it to be performed. This was an obligation placed on Kelsey by the terms of the lease.

 It is well established that forfeiture of a mining claim for failure to do annual assessment work can be established only upon clear and convincing proof of such failure. Simmons v. Muir, 75 Wyo. 44, 291 P.2d 810 (1955); Schlegel v. Hough, 182 Or. 441, 186 P.2d 516, 188 P.2d 158 (1947); Denman v. Smith, 14 Cal.2d 752, 97 P.2d 451 (1939).

By stipulation Kelsey's testimony given at an earlier action for Forcible Entry and Detainer involving essentially the same issues and parties was received in evidence. He testified that the assessment work started on June 29, 1958, and claimed to have done $7600.00 worth of such work between that date and October 8, 1958. This was substantiated by two affidavits executed by Kelsey on October 15th and 20th, 1958, which stated that he, with the help of five other individuals, had performed work and improvements to the value of $7600.00 upon the Monte Cristo claims during that period.

The testimony of Violet Johnson, Kelsey's former secretary and bookkeeper, taken at the earlier trial, was introduced. She had been employed by Kelsey from June 25th to October 8th, 1958, and had gone onto the Monte Cristo Mine on numerous occasions with him. Violet Johnson did not see any assessment work performed on the claims during the 1957–58 assessment year. She further testified that if any such assessment work was done, she would have known it, and it would have been her job to issue checks paying the men for such work, and that no checks were issued.

O'Brien testified that for the last six months of 1957 and the first six months of 1958, no assessment work was done in the area of the Monte Cristo Mine except by himself and two of his employees.

 It is a well established rule of law that where the evidence is conflicting, a decision reached thereon by the trial court is conclusive on an appellate tribunal. We will not disturb on appeal the rulings of the lower court based upon conflicting evidence where there is reasonable evidence in the record to support it. Under such circumstances the evidence will be taken in the strongest manner in favor of the prevailing party and in support of the court's findings. Bohmfalk v. ·Vaughn, 89 Ariz. 33, 357 P.2d 617 (1960); Lenslite

Co. v. Zocher, 95 Ariz. 208, 388 P.2d 421 (1964).

Defendant urges, however, that the burden of clear and convincing proof here was not met by mere negative testimony of interested witnesses, that they were unable to see that any assessment work had been done on the mining claims in question, and cites Schlegel. We disagree. While there was a conflict in the evidence as to whether the necessary work was or was not done, the trial judge who had an opportunity to view the witnesses and determine their credibility, might well have found the testimony set forth generally above to be clear, direct, positive and convincing proof. In Schlegel, the Court, in holding that such testimony was not clear and convincing proof, found as a fact that some work *actually had been done* (emphasis supplied) and stated (186 P.2d 519):

"Work actually having been performed for assessment purposes, we think that, under the circumstances, the requirements of clear and convincing evidence of forfeiture were not met by the mere testimony of an interested witness that he was unable to see that any work was done."

Schlegel, therefore, can be of no solace to the defendant here.

We have carefully scrutinized the testimony in question and find it adequate to support the judgment. The conflict was resolved in favor of the plaintiff by the trial court and will not be disturbed here.

Judgment affirmed.

STEVENS, C. J., and CAMERON, J., concur.

NOTE: Judge Francis J. Donofrio having requested that he be relieved from the consideration of this matter, Superior Court Judge Laurance T. Wren was called to sit in his stead and participate in the determination of this decision.